IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GALES, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WINCO FOODS,<br><br>　　　　Defendant. | No. C 09-05813 CRB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER** |

　　　Plaintiff Stephen Gales brings this employment class action lawsuit against Defendant WinCo Foods. Gales alleges that WinCo violated various California wage and hour laws by, among other things, systematically mis-classifying its assistant store managers as exempt from those laws.  Now pending before the Court is Defendant's Motion to Transfer this case to the Eastern District.

　　　For the reasons discussed below, the Court DENIES Defendant's motion.  In so doing, the Court is aware that a later-filed class action lawsuit involving the same parties and many of the same issues is currently pending in the Eastern District. *See Hovater v. WinCo Foods, LLC and WinCo Foods, Inc.*, Case No. 2:10-cv-00621-JAM-DAD. Should the Eastern District find that, in the interests of judicial economy, the *Hovater* case should be tried with this one, the Court would be amenable to a transfer of that action to this Court.

**BACKGROUND**

**A.     Procedural History**

On September 24, 2009, Plaintiff Stephen Gales filed a class action lawsuit in San Francisco County Superior Court on behalf of himself and all individuals who worked as assistant store managers for the Defendant, WinCo Foods, over the past four years.  His Complaint alleges that WinCo violated California wage and hour law by "misclassify[ing] assistant store managers, both night time and day assistant managers, as exempt, . . . and thus routinely den[ied] employees like Plaintiff and the Class their statutorily-mandated rights" to overtime pay.  FAC ¶ ¶ 4, 18, 19.  Gales also avers that WinCo violated California law by requiring assistant store managers "to work through meal and rest breaks on a daily basis" and by failing to provide "timely and accurate wage statements."  FAC ¶ 14.

On December 9, 2009, WinCo removed Gales's action to this Court under jurisdiction provided by the Class Action Fairness Act of 2005.  *See* 28 U.S.C. § 1332.

**B.     The Parties**

The named plaintiff in this case, Stephen Gales, worked for the Defendant as an assistant store manager from July 1, 2005 until September 1, 2008.  FAC ¶ 8.  During that time period, he worked at two WinCo stores in Southern California: one in Pomona, and one in Fontana.  Mtn. at 2.  He currently resides in Moses Lake, Washington.  *Id.*

The Defendant, WinCo Foods, operates grocery stores in several western states, including California.  It is incorporated in Delaware, and its principal place of business is Idaho.  Stinger Decl. ¶ 2.  Of the twenty-nine stores WinCo operates in California, three are located in the Northern District.  Stinger Decl., Ex. A.  In addition, WinCo maintains two divisional offices in California: one located in Rocklin, California and one in Rancho Cucamonga, California.  Stinger Decl. ¶ ¶ 3-4.

**C.     The Eastern District Litigation**

In February 2010, five months after the Plaintiff filed this action in state court, two former WinCo employees, Mandi Hovater and Alisha Jackscon, filed a similar class action lawsuit against WinCo in Sacramento County Superior Court.  Defendant removed that case

to the Eastern District one month later. *See Hovater v. WinCo Foods, LLC and WinCo Foods, Inc.*, Case No. 2:10-cv-00621-JAM-DAD.

In their Complaint, Hovater and Jackson allege that "WinCo misclassified Plaintiff Hovater, [a former assistant store manager,] as an exempt employee [under California law] and failed to compensate Hovater for all overtime worked." *Hovater* Compl. ¶ 5. They therefore assert violations of the same California overtime laws cited by the Plaintiff in this case. Like the Plaintiff in this case, they also assert claims based on WinCo's failure to provide statutorily required rest and meal breaks and to supply accurate wage statements. Compl.¶ 8,18.

## DISCUSSION

Now before the Court is WinCo's Motion to Transfer this action to the Eastern District. Because Plaintiff's choice of forum is entitled to deference and because a trial of this action in Sacramento is no more convenient for the parties than a trial here, Defendant's Motion is DENIED. The Court notes, however, that it is more than willing to try the *Hovater* action with this one, should the Eastern District find that transferring the *Hovater* action to this district would be in the interests of justice.

### A.  Legal Standard on Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000).

"Once venue is determined to be proper in both districts, courts use the following factors to evaluate whether a transfer of venue would be more convenient to the parties and the witnesses and would promote the interests of justice: (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative

court congestion and time of trial in each forum." *See Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151, 1155-56 (N.D. Cal. 2009).

### B.     Analysis

As an initial matter, the Court finds, and the parties do not dispute, that venue is proper in both the Northern and Eastern Districts. Where an action has been removed from state court, venue is proper in the district where the state action was pending. *See* 28 U.S.C. § 1441(a). WinCo removed this case from San Francisco County Superior Court. Thus, venue is proper in this district. Venue is also proper in the Eastern District under § 1391(a) because WinCo, which operates sixteen stores and one divisional office in the district, is subject to personal jurisdiction there. *See* 28 U.S.C. § 1391(a)(1)&(c).

The Court further finds that, on balance, the factors noted above weigh against transfer. While Gales's choice of forum is not entitled to the "substantial weight" this Court would ordinarily afford it, *see Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001), it is nonetheless entitled to some weight. As Gales points out, though he resides in Washington and worked for WinCo in Southern California, the Northern District has an interest in this state-wide class action because WinCo operates three stores here. Given this interest, Gales's choice of forum merits some respect.

The remaining factors also fail to support a transfer. The parties and primary witnesses in this case reside in Washington state, Southern California, and Boise, Idaho. These individuals will therefore have to bear the time and expense of travel whether this case is tried in San Francisco or Sacramento. Given that the two cities are located within close proximity of one another, the Court finds that neither venue is more convenient for the parties and witnesses.

In addition, this Court and the transferee court in the Eastern District are equally familiar with the California wage and hour laws that govern this case, and both courts have an identical interest in ensuring that an employer of its citizens is in compliance with relevant laws. The median time of trial in each forum is also comparable.

4

With respect to the final factor, the feasibility of consolidation of this action with the *Hovater* class action currently pending in the Eastern District, the Court finds that consolidation of the two actions is feasible and likely preferable. Although the *Hovater* case is broader in some respects than this action, the central legal and factual issues in this case – i.e., whether the duties performed by assistant store managers at WinCo supermarkets in California render those managers exempt from overtime pay and other requirements imposed by California wage and hour laws – are also central to the *Hovater* action.

The Court sees no reason, however, why the feasibility of consolidation of the two cases would favor the transfer of this case to the Eastern District, rather than the transfer of the *Hovater* action here. Both this case and the *Hovater* case are in the very early stages of litigation, so neither court has invested significant time or resources in resolving the dispute. Nor has either court decided any substantive issues in its case. Moreover, several key witnesses and important data are located at WinCo's headquarters in Boise, Idaho. Given this fact, a consolidated action in Sacramento would likely be no more or less convenient to litigate than a consolidated action here. In addition, Gales filed this action five months before the *Hovater* plaintiffs. "[S]ound judicial administration" normally "indicate[s] that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit. . . ." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). If anything, then, Gales's status as the "first to file" and the feasibility of consolidation of this action with the *Hovater* action weighs in favor of transferring the *Hovater* action to this district and against transfer of this case to the Eastern District.

In sum, Gales's choice of forum and the fact that he was "first to file" weigh against the transfer of this case to the Eastern District. Other considerations, such as the convenience of parties and witnesses, are neutral and therefore fail to support a transfer. Accordingly, the Court finds that transferring this case to the Eastern District is not warranted.

5

Defendant's Motion to Transfer is DENIED.

**IT IS SO ORDERED.**

Dated: May 3, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE